UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CAROL ABRUZZESE ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-11689 |
| ) | |
| CAVALRY PORTFOLIO SERVICES, INC.,) | |
| & TRANSUNION, LLC ) | |
| Defendants, ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. <u>INTRODUCTION</u>

 1. This is an action for actual and statutory damages brought by Plaintiff, Carol Abruzzese (hereinafter "Plaintiff"), an individual consumer, against Defendants for Defendants' violations of the law, including, but not limited to, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, *as amended*. (hereinafter ''FCRA'') which prohibits credit reporting agencies and those furnishing information to such agencies from furnishing inaccurate information and engaging in unfair practices with respect to credit reporting and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by Defendants and their agents for the illegal manner in which Plaintiff's credit was being reported.

1

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Since Defendant transacts business here, personal jurisdiction is established.

## III. PARTIES

4. Plaintiff, Carol Abruzzese is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Essex County, in the commonwealth of Massachusetts.

5. Defendant, Cavalry Portfolio Services, Inc. (hereinafter "CPS") is a collection agency and foreign corporation engaged in the business of collecting debt in this commonwealth with its principal place of business located in Westchester County, in the state of New York.

6. Defendant, TransUnion, LLC (hereinafter "TU"), is a foreign business entity that regularly conducts business in this state, and whose principal place of business is located in Delaware County at 2 Baldwin Place, Crum Lynne, PA 19022. At all relevant times herein, Defendant, Trans Union, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or

facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

7. Plaintiff alleges that Defendant CPS uses instrumentalities of interstate commerce or the mails in its business, the principal purpose of which being the collection of debts. Defendant CPS is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant CPS was an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Defendant CPS is a "person" as defined by FCRA 1681a(b), and a "reseller" as defined by FCRA 1681a(u).

9. At all relevant times, Defendants acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. Sometime before June 10, 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant CPS for collection from Plaintiff.

12. Defendant CPS reported this alleged debt to TU and Experian as a collection account.

13. Defendant CPS then began contacting Plaintiff, seeking and demanding payment on the alleged consumer debt owed under an account number for approximately $5,745.00.

14. Defendant CPS hired an attorney to collect on Plaintiff's alleged debt, and negotiated a settlement of the alleged debt.

15. As part of the settlement, Plaintiff was to pay $5,600.00, and in return the alleged debt would be considered paid in full and Defendant CPS would notify the credit bureaus that the alleged debt was satisfied and paid in full.

16. Plaintiff paid the $5,600.00 as agreed upon.

17. In November of 2012, after Plaintiff had paid the settlement amount in full, Plaintiff complained to Defendant CPS's attorney that the alleged debt was still being actively reported on Plaintiff's credit and that it was still reflecting a balance as being owed.

18. Defendant CPS's attorney responded by telling Plaintiff that the credit bureaus were notified by Defendant CPS that the Debt was paid in full.

19. Within one (1) year prior to the filing of this complaint, Plaintiff disputed the alleged debt as reported on her credit report with Experian and Defendant TU, as the debt was still listed as owing on her credit reports after she checked them.

20. Both credit reporting agencies, Experian and Defendant TU allegedly conducted an investigation into Plaintiff's dispute.

21. Experian eventually removed the alleged debt.

22. Defendant TU reported to Plaintiff that it had completed its investigation and the result was that Defendant TU was not going to make any change as to how Defendant TU was reporting the alleged debt.

23. Upon information and belief, Defendant TU's entire investigation consisted of asking Defendant CPS if the alleged debt was being reported accurately.

24. Plaintiff again disputed the alleged debt as it was being reported with Defendant TU and informed Defendant TU that Plaintiff had satisfied the alleged debt in full and that the account should not be reflecting a balanced owed.

25. Defendant TU again reported to Plaintiff that it had completed another investigation and the result was that Defendant TU was not going to make any change as to how Defendant TU was reporting the alleged debt.

26. Upon information and belief, Defendant TU's entire investigation again consisted of asking Defendant CPS if the alleged debt was being reported accurately.

27. Upon information and belief, Plaintiff having paid off her alleged debt per the agreement she made with Defendant CPS, Defendant CPS continued to negatively report on her credit in an unfair manner, to collect more funds from Plaintiff, in violation of the FDCPA.

28. Notwithstanding Plaintiff's above-referenced dispute with the credit bureau TU, Defendant TU continues to negatively and inaccurately report that Plaintiff's payments are still due to be, and that the total amount owed is $5,745.00.

29. To date, inaccurate negative information reported by Defendant CPS to Defendant TU remains on Plaintiff's TU credit report.

30. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA; have failed to remove the inaccurate information; have failed to include accurate information; have failed to report on the results of the reinvestigations to all credit reporting agencies; have failed to note the disputed status of the inaccurate information; and has continued to report the derogatory information about Plaintiff.

31. Plaintiff has applied for and been denied credit card(s), and Plaintiff is informed and believes that the basis for these denial(s) was the inaccurate information that appears on Plaintiff's credit reports and that this inaccurate information was a substantial factor for those denial(s).

32. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

34. As a result of Defendant's conduct Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and

reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

35. As a result of Defendants' conduct, Plaintiff has suffered a decreases credit score as a result of the negative trade line entries appearing on Plaintiff's credit file.

## V. CAUSES OF ACTION

### COUNT I
### DEFENDANT CPS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. § 1692 et seq.
### (Plaintiff v. CPS)

36. Plaintiff repeat, reallege, and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant CPS and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

 (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

 (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

Case 1:13-cv-11689-RWZ   Document 1   Filed 07/12/13   Page 8 of 16

(c) Defendant violated *§1692e(8)* of the FDCPA by communicating to any person credit information which is known or which should be known to be false; and

(d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

38. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

39. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiffs for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

**COUNT II**
**DEFENDANT CPS VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA)**
**15 U.S.C. § 1681 et seq.**
**(Plaintiff v. CPS)**

40. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. At times pertinent hereto, Defendant CPS was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

42. Defendant CPS violated sections of 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s(2)(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed; and

    (b) willfully and negligently failing to review all relevant information concerning plaintiff's account provided to Defendant CPS; and

    (c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies; and willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies; and

    (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies; and

    (e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff; and

    (f) willfully and negligently failing to provide any and all credit reporting agencies with the factual information, proof of payment resolving the alleged debt, and evidence that Plaintiff submitted to Defendant CPS, and which provided that the information concerning Plaintiff's credit reports was inaccurate; and

    (g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information

concerning the Plaintiff to credit reporting agencies and other entities; and

(h) willfully and negligently failing to comply with the requirement s imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

43. Defendant CPS' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant CPS is liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as other such relief, permitted by law.

**COUNT III**
**DEFENDANT TU VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA)**
**15 U.S.C. § 1681 et seq.**
**(Plaintiff v. TU)**

44. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. At all times pertinent hereto, Defendant TU was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

46. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

47. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

48. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant TU is liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a); and

(b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. § 1681i(a); and

(c) willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a); and

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

(e) willfully and negligently failing to delete the inaccurate information form Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

(f) willfully and negligently failing to note the dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c); and

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff; and

 (h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. §1681e(b); and

 (i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

 (j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

49. The conduct of Defendant TU was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant TU is liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and costs of litigation, as well as other such relief, as may be permitted by law.

**COUNT IV**
**DEFENDANT CPS'S AND DEFENDANT TU'S INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**
**(Plaintiff v. CPS and TU)**

50. Plaintiff Carol Abruzzese repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **<u>Abusive debt collection practices contribute</u>** <u>to the number of personal bankruptcies, to marital instability, to the loss of jobs, and</u> **<u>to invasions of individual privacy</u>**.
>
> 15 U.S.C. § 1692(a) (emphasis added).

52. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts owed to them and so on, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

53. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or **private concerns or affairs** of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect, and/or inaccurately report, regarding a debt and thereby invaded Plaintiffs' privacy.

54. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or **private concerns or affairs** of Plaintiffs,

namely, by inaccurately reporting on her alleged debt, causing her credit score to be negatively affected, where she gets turned down when applying her credit, when they have direct knowledge and/or have already been alerted to the fact that her alleged debt was completely resolved; and thereby invaded Plaintiff's right to privacy.

55. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting, reporting, investigating, and reviewing this debt, thereby invading and intruding upon Plaintiff's right to privacy.

56. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

57. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection and other conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

58. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

59. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from Defendants.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Actual damages, in amounts to be determined at trial and for Plaintiffs; and

B. Statutory damages; and

C. Costs and reasonable attorney fees from Defendants; and

D. Punitive damages; and

E. For such other and further relief as the Court may deem just and proper.

Dated:  July 11, 2013                    RESPECTFULLY SUBMITTED,

                                         CONSUMER RIGHTS LAW FIRM, PLLC

                                         By: /s/ Kevin Crick
                                         Kevin Crick
                                         BBO:  680950
                                         Consumer Rights Law Firm, PLLC
                                         300 Brickstone Square, Suite 902
                                         Andover, Massachusetts 01810
                                         Phone: (978) 420-4747
                                         Fax: (978) 409-1486
                                         kevinc@consumerlawfirmcenter.com
                                         **Attorney for Plaintiff**

                                         By: /s/ Kevin J. Buckley, Jr.
                                         Kevin J. Buckley, Jr., Esq.
                                         BBO:  674594
                                         Consumer Rights Law Firm, PLLC
                                         300 Brickstone Square, Suite 902
                                         Andover, Massachusetts 01810
                                         Phone: (978) 420-4747
                                         Fax: (978) 409-1486
                                         attorneykevinb@consumerlawfirmcenter.com
                                         **Attorney for Plaintiff**

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Carol Abruzzese, demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.